UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CHRISTOPHER RAY FARMER, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:13-CR-45-2-TAV-CHS |
| | ) | 3:15-CV-65-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Christopher Ray Farmer has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 1385]. The government responded in opposition to Petitioner's requested relief [Doc. 1753]. The matter is now ripe for consideration. The Court has determined that Petitioner is not entitled to relief under § 2255, and therefore no evidentiary hearing is necessary. For the reasons set forth herein, Petitioner's § 2255 motion lacks merit and will be denied. Accordingly, Case No. 3:15-CV-65 will be dismissed.

**I.  BACKGROUND**

Petitioner was charged with one count of conspiracy to manufacture methamphetamine [Doc. 3].[1] Petitioner subsequently pleaded guilty to the charge [Doc. 439] pursuant to a plea agreement [Doc. 412]. The Court sentenced Petitioner to a term of 246 months' imprisonment [Doc. 1125]. Petitioner filed an appeal of his conviction and sentence, but the Court of

---

[1] All references are to documents in case no. 3:13-CR-45-TAV-DCP.

Appeals dismissed the appeal as untimely [Doc. 1394]. Petitioner also filed the instant § 2255 motion [Doc. 1385], which the government opposes [Doc. 1753].

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief, a petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). He "must clear a significantly higher hurdle than would exist on direct appeal" and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). He must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id*., as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). A petitioner must also establish "a reasonable

probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs— regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (*en banc*) (emphasis in original); *accord Strickland*, 466 U.S. at 697.

## III. ANALYSIS

### A. Petitioner's Motion Is Insufficient In Form And Substance

Petitioner's motion is a two page, hand-written letter. Although the letter appears to be signed by Petitioner, the signature is neither given under oath nor by affirmation. Thus, the motion violates the requirements of 28 U.S.C. § 2255(b)(5). Moreover, the motion substantively amounts to a request for an "extension" of time in which to file (1) the actual recitation of the "facts of this appeal" and (2) a statement of the "grounds" of the appeal. As such, the Motion fails to satisfy the requirements that a §2255 motion must:

(1) specify all the grounds for relief available to the moving party; and

(2) state the facts supporting each ground.

Rule 2(b), Rules Governing Section 2255 cases in the United States District Courts.

Finally, the motion requests the appointment of counsel, because, as Petitioner states, "I wish to not go farther until I have proper representation." However, a § 2255 motion is not a proper vehicle to request the appointment of counsel. Moreover, Petitioner filed a prior motion for appointment of counsel [Docs. 1354, 1357], and counsel was appointed.[2]

The government argues that a § 2255 motion is "legally insufficient to sustain review," much less justify relief, where its "claims are stated in the form of conclusions without any allegations of facts in support thereof." *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974); *accord O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient."). The Court agrees. Petitioner's motion makes only the most generalized accusations of ineffective assistance, without any factual development or legal support. As noted above, the motion is a statement of an intent to file an actual § 2255 motion at some future time with the assistance of counsel.

It is well-established that it is a petitioner's burden to comply with the basic requirements of § 2255. *See, e.g.*, *Dorsey v. United States*, No. 3:11-cr-77, 2015 WL 5749453, at *4 (E.D. Tenn. Sept. 30, 2015) (Varlan, J.) ("inadequately developed" claims may be dismissed on that basis); *Gregory v. United States*, No. 2:05-cr-64, 2013 WL 5350621, at *5 (E.D. Tenn. Sept. 23, 2013) (Greer, J.) ("Bare, conclusory allegations, unsupported by facts, cannot establish a constitutional violation."); *Cartwright v. United States*, No. 1:04-cr-33, 2011 WL 6003659, at *5 (E.D. Tenn. Dec. 1, 2011) (Collier, J.) ("undeveloped,

---

[2] The Court granted Petitioner's motion and appointed counsel to pursue a motion to reduce sentence [Doc. 1397]. That motion has been filed by counsel, and it is pending [Doc. 1679].

conclusory allegations . . . cannot satisfy Petitioner's burden of showing he is entitled to relief").

The government points out that Petitioner is not entitled to an extension of time to file his claims, nor to the appointment of counsel, except under limited circumstances not present here. The Court agrees. This Court lacks authority to extend the time in which to file a § 2255 motion. *United States v. Asakevich*, 810 F.3d 418 (6th Cir. 2016); *see also United States v. Moore*, 56 F. App'x 686, 687 (6th Cir. 2003) ("the district court lacked jurisdiction to grant a motion to toll the limitations period or to consider whether the limitations period had expired" in advance of the filing of a § 2255 motion). This Court cannot grant Petitioner more time in which to comply with the rules governing § 2255 motions. Moreover, any supplemental motion filed now would not realistically "relate back" to petitioner's "bare bones placeholder § 2255 motion." *United States v. Diallo*, 581 F. App'x 226, 227 (4th Cir. 2014) (*per curiam*); *accord United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (recognizing that if the original claims were all "vague or conclusory, . . . any later filing would, in effect, constitute an attempt to add a new claim or theory").

Finally, Petitioner has no constitutional right to counsel on collateral review. *See*, *e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Only if an evidentiary hearing were required to resolve his § 2255 claims would he be entitled to the appointment of counsel under Rule 8(c) of the Rules Governing Section 2255 Proceedings. No hearing is necessary here. *See Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

### B. Petitioner's Unsupported Statements About Ineffective Assistance Fail the *Strickland* Test

Reading the motion most liberally in favor of the Petitioner, his statements of ineffectiveness apparently consist of four unsupported assertions:

1. "He had mislead [*sic*] me as he failed to keep correspondence [*sic*] with me"

2. "[He] practi[cal]ly bulled [*sic*] me into the plea of guilty"

3. "He then failed to have my PSI corrected"

4. "[H]e fell [*sic*] to file my first appeal"

[Doc. 1385 p. 1].

Petitioner has not alleged sufficient facts to permit any meaningful review or consideration of these allegations. First, Petitioner does not identify the time period during which counsel allegedly failed to communicate adequately with him or the harm caused by any lack of communication. Second, Petitioner's sworn statements to this Court at his change of plea hearing establish that his guilty plea was made intelligently and voluntarily. *See Stallard v. United States*, No. 17-6188, 2018 WL 1442987 (6th Cir. March 15, 2018). Third, Petitioner does not identify any actual error in the presentence report, without which there would have been nothing for counsel to "correct." Fourth, Petitioner makes no claim that he ever directed counsel to file an appeal on his behalf within the time period for doing so, and he certainly states no factual allegation upon which the Court could reach that conclusion. *See Gardner v. United States*, No. 97-5469, 1999 WL 232693, at *3 (6th Cir. Apr. 15, 1999) (denying relief where a petitioner "made no attempt to provide the court with any [relevant] facts" to support his claim that counsel should have filed a direct appeal); *see also Ludwig v.*

*United States*, 162 F.3d 456, 459 (6th Cir. 1998) (explaining that the Sixth Amendment right to counsel is "only implicated when a defendant actually requests an appeal, and his counsel disregards the request").

    **C.**    **To The Extent Petitioner Attacks His Conviction Or Sentence, Those Claims Are Procedurally Defaulted and Without Merit**

Petitioner refers to his 246-month, below-guidelines sentence as "hidioues [*sic*]," and he insists that he should have been deemed responsible for only 2.5 grams of methamphetamine [Doc. 1385 p. 2]. These complaints should have been raised on direct appeal. They were not, and they are now defaulted.

A petitioner who procedurally defaults a claim and raises it for the first time on collateral review must show (1) he had good cause for not raising it earlier and would suffer "actual prejudice" if it were not reviewed, or (2) he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *Peveler v. United States*, 269 F.3d 693 (6th Cir. 2001). Petitioner has offered no basis to excuse his procedural default here. As noted above, Petitioner's plea of guilty to the charged offense was made knowingly and intelligently. As for the sentence imposed, Petitioner stipulated, when pleading guilty to an offense involving at least fifty grams of methamphetamine, that he had participated in a large-scale methamphetamine-manufacturing conspiracy for nearly a decade and had personally manufactured approximately twenty kilograms of methamphetamine in the previous eighteen months [Doc. 412 pp. 2–3]. This Court calculated the applicable guidelines range using the drug quantities to which Petitioner had stipulated, then departed downward from that range pursuant to the government's motion.

Petitioner has not identified any error in his sentence, nor any statutory authority to justify resentencing.

IV. **CONCLUSION**

The Court finds that because Petitioner's motion itself is inadequate in form and substance, and because any claims actually suggested in the motion lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. A judgment will enter **DENYING** the motion [Doc. 1385].

**ORDER ACCORDINGLY**.

                                           s/ Thomas A. Varlan
                                           CHIEF UNITED STATES DISTRICT JUDGE