UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:13-CR-45-TAV-DCP-2 |
| CHRISTOPHER RAY FARMER, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's motion for a sentence reduction [Doc. 1679]. Defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 780, 782, and 788 to the United States Sentencing Guidelines Manual. The government has responded [Doc. 1693], deferring to the Court's discretion as to whether, and to what extent, to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the United States Sentencing Guidelines Manual.

**I.    Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term

of imprisonment, after considering the factors set forth in section 3553(a) to
the extent that they are applicable, if such a reduction is consistent with
applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application

decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C). Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). In such cases, the Court may grant "a reduction comparably less than the amended guideline range." *Id.*

In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Factual Background

Defendant pleaded guilty to conspiring to manufacture fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 412]. At the time of sentencing, defendant was held responsible for forty-six pounds—approximately twenty kilograms—of methamphetamine [Presentence Investigation Report ("PSR") ¶¶ 25, 39]. Given the amount of drugs for which defendant was held responsible, defendant's base offense level was 38 [*Id.* ¶ 39]. After a two-level enhancement for his role in the offense and a three-level reduction for acceptance of responsibility pursuant to

3

section 3E1.1(a) and (b), defendant's total offense level was 37 [*Id.* ¶ 48]. Given defendant's criminal history category of VI, defendant's applicable guideline range was 360 months' to life imprisonment, restricted by the enhanced statutory mandatory minimum of life imprisonment [*Id.* ¶ 113].

Before sentencing, the United States filed a motion for downward departure in light of defendant's substantial assistance [Doc. 1095]. On February 14, 2014, the Court granted that motion and sentenced defendant to 246 months' imprisonment, which is 31.6 percent below the guidelines range [Doc. 1125]. According to the parties, defendant is presently scheduled for release on April 24, 2031 [Docs. 1679, 1693].

### III. Analysis

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Applying Amendment 782, defendant's revised base offense level is 36, and affording defendant the same adjustments he originally received, defendant's new total offense level is 35. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). A total offense level of 35 and a criminal history category of VI results in an amended guideline range of

292 to 365 months' imprisonment. Thus, defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here. And it would be consistent with the applicable policy statements to sentence the defendant below the "minimum of the amended guideline range" because the defendant previously received a below-guidelines range sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(A), (B).

The Court will now consider the § 3553(a) factors in determining whether and to what extent defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of defendant's offense and defendant's history and characteristics. As reflected in the Presentence Investigation Report, defendant played a substantial role in the offense, acting as a leader in a conspiracy to manufacture high quantities of methamphetamine in the Eastern District of Tennessee.

5

In addition to the conduct for which he pled guilty, defendant also has an extensive criminal history beginning at the age of twenty.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment.[1] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

Defendant requests an amended sentence of 200 months, reflecting the same 31.6 percent downward departure from the bottom of the amended guideline range. In response to this request, the government informs the Court that defendant has been sanctioned on three separate occasions since his incarceration. Notably, two of those sanctions involved the possession of drugs, both within the first two years of defendant's incarceration. Although the government highlights these disciplinary infractions, as well as the fact that granting defendant's request would essentially grant "a 44 percent reduction from the

---

[1] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

enhanced mandatory minimum to which defendant was originally subject," the government states that it defers to the Court's discretion whether to grant a reduction in the defendant's sentence, and, if so, to what extent [Doc. 1693].

After considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds that a reduction in defendant's sentence is not appropriate at this time. In making this determination, the Court is particularly influenced by defendant's post-sentencing conduct and the factors outlined in § 3553(a), including defendant's offense and history and characteristics, as well as the need to promote respect for the law, to afford adequate deterrence, and to protect the public from further crimes of defendant.

## IV. Conclusion

For the reasons stated herein, defendant's motion [Doc. 1679] is **DENIED**. All provisions of the judgment dated February 21, 2014 [Doc. 1125] shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE